IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COMPLAINT** |
| D.O.E. Technologies, Inc., and doeLegal, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) ) | DEMAND FOR A JURY TRIAL |

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990 (the "ADA"), as amended by the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and retaliation, and to provide appropriate relief to Christopher Vely who was adversely affected by such practices.

As is alleged with greater particularity in the Statement of Claims below, Defendants discriminated against Mr. Vely because of his disability (unilateral conductive hearing loss) when they failed to provide him with reasonable accommodations and terminated his employment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections

107(a) and 503(c) of the ADA, as amended, 42 U.S.C. §§ 12117(a), 12203(c) which incorporate by reference Sections 706(f)(1) and (3) of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Delaware. 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Sections 107(a) and 503(c) of the ADA, 42 U.S.C. §§ 12117(a), 12203(c) which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant D.O.E. Technologies, Inc., has continuously been a Delaware corporation, doing business in Wilmington, Delaware and has continuously had at least 15 employees.

5. At all relevant times, Defendant D.O.E. Technologies, Inc., has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant D.O.E. Technologies, Inc., has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant doeLegal, LLC has continuously been a privately-held Delaware company, doing business in Wilmington, Delaware and has continuously had at least 15 employees.

8. At all relevant times, Defendant doeLegal, LLC has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all relevant times, Defendant doeLegal, LLC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Christopher Vely ("Vely") filed a charge with the Commission alleging violations of Titles I and V of the ADA by his former employers - Defendants D.O.E. Technologies, Inc. and doeLegal, LLC (collectively "Defendants"). All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Mr. Vely was diagnosed in or around 2006 with unilateral conductive hearing loss. As a result of his hearing loss, at all times relevant to the action, Mr. Vely was an individual with a disability within the meaning of the ADA, as amended. 42 U.S.C. § 12102.

12. Mr. Vely's hearing loss is a physical impairment that substantially limits one or more of his major life activities, including but not limited to hearing.

13. At all times relevant to this action, Mr. Vely was an individual with a disability within the meaning of the ADA, as amended. Beginning in or around November 2008 and until his September 2009 termination, Mr. Vely could perform the essential functions of his Sales Representative position with reasonable accommodations such as, but not limited to, telecommuting or working in a quiet area devoid of background noise.

14. Beginning in or around January 2009 and continuing until Mr. Vely's September 2009 termination, Defendants engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and in violation of Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a). The practices include the following:

    a. refusing to provide Mr. Vely with reasonable accommodations to enable him to conduct and participate in sales calls, an essential function of his Sales Representative position; and

    b. terminating Mr. Vely's employment in September 2009 after he engaged in statutorily protected activities which included opposing Defendants' failure to provide him with reasonable accommodations.

15. The effect of the practices complained of in paragraph 14 has been to deprive Mr. Vely, an individual with a disability, of equal employment opportunities and otherwise adversely affect his status as an employee because he engaged in statutorily protected activities.

16. As a direct and proximate result of these violations of his rights under the ADA, Mr. Vely has suffered damage in the form of past pecuniary losses. In addition, he has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

17. The unlawful employment practices complained of herein were intentional.

18. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Mr. Vely's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

B. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA.

C. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, prevent retaliation against persons who have engaged in protected activities under the ADA, and which eradicate the effects of their past and present unlawful employment practices.

D.   Order Defendants to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendants will not discriminate against any employee because of a disability, including that they will comply with all aspects of the ADA and that it will not take any action against employees because they have exercised their rights under the statute.

E.   Order Defendants to make whole Mr. Vely, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, front pay.

F.   Order Defendants to make whole Mr. Vely by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 14, including, but not limited to, job search expenses and medical expenses not covered by Defendants' employee benefit plans, in amounts to be determined at trial.

G.   Order Defendants to make whole Mr. Vely by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 14, including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

H.   Order Defendants to pay Mr. Vely punitive damages for their malicious and reckless conduct described in paragraph 14, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper.

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

|  |  |
|---|---|
| OF COUNSEL:<br>UNITED STATES ATTORNEY<br>DISTRICT OF DELAWARE<br><br>CHARLES M. OBERLY, III<br>United States Attorney<br><br><br><br>LESLEY F. WOLF<br>Assistant United States Attorney<br>United States Department of Justice<br>1007 Orange Street, Suite 700<br>P.O. Box 2046<br>Wilmington, Delaware 19899-2046<br>(302) 573-6148 | Respectfully submitted,<br><br>P. DAVID LOPEZ<br>General Counsel<br><br>JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>_/s/_<br>DEBRA M. LAWRENCE<br>Regional Attorney<br><br>_/s/_<br>MARIA M. MOROCCO<br>Supervisory Trial Attorney<br><br>_/s/_<br>KEYANA C. LAWS<br>Trial Attorney<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Phone:   (215) 440-2642<br>Fax:     (215) 440-2848<br>Keyana.Laws@eeoc.gov |