IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
)
v. )  CIVIL ACTION NO. 11-cv-000861 (NLH)
)
)
D.O.E. Technologies, Inc., and )
doeLegal, LLC, )
)
Defendants. )
)
_____ )

## CONSENT DECREE

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity

Commission ("the Commission"), against D.O.E. Technologies, Inc. ("DOE") and

doeLegal, LLC ("doeLegal") (collectively "Defendants"), alleging violations of Sections

102(a), 102(b)(5)(A), and 503(a) of the Americans With Disabilities Act of 1990, as

amended ("ADA"), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), and 12203(a).    The

Commission alleged that Defendants failed to provide former employee Christopher

Vely ("Vely") with a reasonable accommodation for his disability - unilateral conductive

hearing loss.   The Commission further alleged that Defendants terminated Vely in

retaliation for his complaint to Defendants' management that they failed to provide him

with a reasonable accommodation.

The Commission and Defendants desire to resolve this action without the time

and expense of continued litigation and they desire to formulate a plan, to be embodied

in a Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of the ADA. This Decree does not constitute an admission of wrongdoing or adjudication on the merits of the Commission's case and it shall not be construed as a waiver by the Commission of any contentions of discrimination or retaliation. The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

1.      This Decree resolves all claims alleged in the Complaint filed by the Commission in this ADA action, which emanated from the Charge of Discrimination filed by Christopher Vely, EEOC Charge No. 530-2009-04058.

2.      This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court.

### **NON-DISCRIMINATION AND NON-RETALIATION**

3.      Defendants and their officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with any of them, are hereby enjoined from violating the provisions of Title I of the ADA, and shall not discriminate nor take adverse employment actions against qualified individuals on the basis of their disabilities or on the basis of the need to accommodate their disabilities, and further shall provide reasonable accommodations to such qualified disabled individuals.

4.      Defendants and their officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with any of them, are hereby enjoined from violating the provisions of Title V of the ADA, and shall not retaliate

against any individual because he or she has engaged in protected activity, including by opposing acts of discrimination or participating in investigations of discrimination, Further, Defendants shall not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the ADA.

### MONETARY RELIEF

5.      In full settlement of damages alleged by the Commission in this case, Defendants will pay Vely the aggregate sum of $130,000. Defendants shall pay the monetary relief in three installments: (i) within thirty (30) days from the date of entry of this Decree, Defendants shall pay $90,000; (ii) within ninety (90) days from the date of entry of this Decree, Defendants shall pay $30,000; and (iii) within one hundred and twenty (120) days from the date of entry of this Decree, Defendants shall pay $10,000.

6.      DOE shall send a check directly to Vely, by certified mail or express delivery service, at an address provided by the Commission. Within three (3) days of such payment, DOE shall send a photocopy of the check, along with a photocopy of the certified mail receipt or other documentation of delivery, to the Commission's counsel of record at the Philadelphia District Office.

7.      At the conclusion of 2013, DOE shall promptly issue to Vely an IRS Form W-2 for $80,000 of the monetary relief paid and an IRS Form 1099 for $50,000 of the monetary relief paid.

8.      In exchange for the settlement amount paid, Vely must execute and return to the Commission within fourteen (14) days of receipt, the Release Agreement (attached hereto as Exhibit B).

**TRAINING**

9.     Within sixty (60) days from the date of entry of the Decree, Defendants shall provide no less than eight (8) hours of training for all management personnel and all persons with job duties that relate to processing, investigating, reviewing, and/or making decisions concerning complaints of discrimination, retaliation, and requests for reasonable accommodation.  Defendants will also provide no less than four (4) hours of training for all other employees.

10.     The training described in paragraph 9 will promote Defendants' compliance with federal anti-discrimination laws, with an emphasis on the ADA, Defendants' duty not to discriminate against qualified individuals based on their disabilities, and Defendants' duty to provide reasonable accommodations to qualified individuals with disabilities, through an interactive process, which permits the individuals to perform the essential functions of the position held or desired and/or to enjoy equal benefits and privileges of employment.   The training will also emphasize the anti-retaliation provisions of federal EEO law.

11.     Further, the training will specifically address the adoption and implementation of Defendants' revised ADA reasonable accommodation and anti-retaliation policies described in paragraph 12 of this Decree.  The training shall be led by an ADA compliance specialist previously agreed to by the parties.  Within ten (10) days of the training's completion, DOE shall provide certification to the Commission's counsel of record that such training has occurred.  This certification shall include the dates, times, and locations of the training, and the identities of all trainers and attendees.

## POLICIES

12.    Within thirty (30) days from the date of entry of the Decree, Defendants shall implement and disseminate to all existing employees, and begin disseminating to all applicants and all new hires, modified ADA reasonable accommodation and anti-retaliation policies previously identified by the parties.  Within ten (10) days of the implementation and dissemination of the modified policies, Defendants will provide certification to the Commission's counsel of record that the same has occurred.

## POSTING

13.    Within ten (10) days after entry of the Consent Decree, Defendants shall post immediately, in all places where notices to employees customarily are posted at their Wilmington, Delaware facility, the Notice attached hereto as Exhibit A and made a part hereof.  Said Notice shall be posted and maintained for the life of the Consent Decree and shall be signed by the President of D.O.E. Technologies, Inc., and doeLegal, LLC, with the date of actual posting shown thereon.  Should the Notice become defaced, marred, or otherwise made unreadable, Defendants shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified.  Within ten (10) days of completion of the required posting, Defendants shall forward to the Commission's counsel of record a copy of the signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement of the locations and date(s) of posting.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

14.    This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to,

monetary sanctions and injunctive relief.

15.    Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.  Prior to such motion, the Commission shall notify Defendants, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendants shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing.

> A.    If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;
>
> B.    Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such action; and
>
> C.    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Delaware.

## REPORTING REQUIREMENTS

16.    One year after the entry of this Decree by the Court, Defendants shall provide a written report to the Commission identifying all complaints of disability discrimination and retaliation received during the preceding twelve month period. Defendants will provide a second written report no later than thirty (30) days before the expiration of this Decree identifying all complaints of disability discrimination and retaliation received at any time during the last eleven months of the consent decree. Each report shall identify all persons who complained to Defendants of disability discrimination and/or retaliation during the reporting period, any witnesses to such

alleged matters, and any persons allegedly involved in the reported discriminatory employment decisions and/or conduct.  Such identification shall include:  the name, address, and telephone numbers for each person who complained about the conduct at issue; the name, address, and telephone numbers for each person whom each complainant identified as a potential witness; the name, address, and telephone numbers for each person whom Defendants contacted, interviewed, or otherwise obtained information from concerning the complaint; and the name, address, and telephone numbers for each person who was alleged to have engaged in discriminatory or retaliatory conduct.  Each report shall also include a detailed description of all action taken in response to each complaint and shall include certification by Defendants that the Notice required to be posted pursuant to this Decree remained posted during the entire period required.  Further, the report shall include copies of all documents reflecting the action(s) Defendants took to investigate each complaint and copies of any statements obtained.

## **MISCELLANEOUS**

17.    The Commission and Defendants shall bear their own costs and attorneys' fees.

18.    All claims brought by the Commission against Defendants in the instant action (Civil Action No. 11-cv-861) shall be dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

19.    If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

20.     The terms of the Consent Decree are and shall be binding upon (a) DOE and doeLegal; (b) all present and future parents of DOE and doeLegal; (c) all present and future subsidiaries of DOE and doeLegal; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, or assigns of DOE and doeLegal.

21.     This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendants and Commission and approved by the Court.

22.     When this Consent Decree requires the submission of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be mailed by certified mail to the Commission's counsel of record.

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

The undersigned counsel of record hereby consent to the entry of the

foregoing Consent Decree.

**FOR PLAINTIFF**

**FOR DEFENDANTS**
**D.O.E. TECHNOLOGIES, INC**
**doeLegal, LLC**

_Debra M. Lawrence /KCL_
DEBRA M. LAWRENCE
Regional Attorney

_James H. McMackin_ (#4284)  1/4/2013
James H. McMackin, III
Attorney at Law

_Maria Luisa Morocco /KCL_
MARIA LUISA MOROCCO
Supervisory Trial Attorney

MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
P.O. Box 2306
Wilmington, DE 19899-2306

_Keyana C. Laws_  1/24/13
KEYANA C. LAWS
Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19130

Phone:      (302) 888-5849
Fax:          (302) 571-1750
jmcmackin@morrisjames.com

Phone:      (215) 440-2642
Fax:          (215) 440-2848
Keyana.Laws@eeoc.gov

**IT IS SO ORDERED:**

Signed and entered this _____ day of _____, 2013.

_____
Noel L. Hillman, United States District Judge
United States District Court for the District of New Jersey

EXHIBIT A

**NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, D.O.E. TECHNOLOGIES, INC., AND DOELEGAL, LLC**

This Notice is being posted pursuant to a federal court order voluntarily resolving a disability discrimination lawsuit brought by the United States Equal Employment Opportunity Commission against D.O.E. Technologies, Inc. and doeLegal, LLC. In that lawsuit called EEOC v. D.O.E. Technologies, Inc. and doeLegal, LLC, Civil Action No. 11-cv-861, the Commission alleged that D.O.E. Technologies, and doeLegal violated the Americans with Disabilities Act of 1990, as amended (the "ADA"). 42 U.S.C. Section 12101, et seq.

The ADA prohibits discrimination against qualified employees and applicants with disabilities. The ADA further prohibits retaliation against employees or applicants who avail themselves of their rights under the ADA by engaging in protected activities, such as opposing employment practices believed to be discriminatory or filing a charge of discrimination, testifying or participating in a Commission investigation. The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADA.

D.O.E. Technologies and doeLegal are fully committed to maintaining a workplace where all applicants and employees are free from illegal discrimination, including discrimination based on disability, as is recognized by D.O.E. Technologies and doeLegal's employment policies and required by federal law, including the ADA. D.O.E. Technologies and doeLegal are prohibited from making any decisions about

employment (such as hiring, promotion, compensation, discipline, etc.) based on a qualified employee's or applicant's disability.  D.O.E. Technologies and doeLegal are required to provide a reasonable accommodation to any qualified disabled employee or applicant that permits him/her to perform the essential functions of his/her existing or desired position, and/or to enjoy equal benefits and privileges of employment as other employees, provided such accommodation does not create an undue hardship on D.O.E. Technologies and doeLegal.

To resolve this lawsuit, and without admitting liability, D.O.E. Technologies, doeLegal, and the Commission have entered into a Consent Decree which provides, among other things, that D.O.E. Technologies and doeLegal (1) will not discriminate on the basis of disability; (2) will not retaliate against any person because she or he has opposed any practice made unlawful by the ADA, filed a charge of discrimination, participated in an investigation, or sought to exercise or enjoy any right granted or protected by the ADA; and (3) will train all employees concerning the federal laws prohibiting disability discrimination, unlawful retaliation, reasonable accommodations, and the Companies' policies on these matters.

If you believe you have been discriminated against, you may contact the Commission at (800) 669-4000 or (215) 440-2602.  This Notice must remain posted for seven years from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____

                                                  _____
Thomas J. Russo, Jr., President
D.O.E. Technologies, Inc.
doeLegal, LLC

## RELEASE AGREEMENT FOR CHRISTOPHER VELY

In consideration for the gross sum of $130,000 paid to me by Defendants D.O.E. Technologies, Inc. and doeLegal, LLC, (collectively "Defendants") in connection with the resolution of *EEOC v. D.O.E. Technologies, Inc, and doeLegal, LLC,* Civil Action No. 11-cv-000861 (D. Del), I waive my right to recover for any claims of failing to accommodate my hearing disability and/or retaliation under Titles I and V of the Americans with Disabilities Act, as amended, 42 U.S.C. §§12112(a), 12112(b)(5)(A), and 12203(a) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), that I had against Defendants prior to the date of this release and that were included in the claims alleged in the EEOC's complaint in *EEOC v. D.O.E. Technologies, Inc, and doeLegal, LLC,* Civil Action No. 11-cv-000861 (D. Del).

_____          _____
Date                                              Christopher Vely
                                                          [insert address]